IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRY L. BLACKETER, | ) | 4:06CV3156 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court upon Plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Filing 27.) The application requests that a payment of $2,731.34 be made directly to Plaintiff's attorney.  This sum includes a fee of $2,238.84 for 13.8 hours of work by Plaintiff's attorney, at an average hourly rate of $162.24,[1] a fee of $458.75 for 18.35 hours of work by a paralegal, at an hourly rate of $25.00, and a fee of $33.75 for 2.25 hours of work by a second paralegal, at an hourly rate of $15.00.  The Commissioner does not object to the amount of the fee application, but does object to paying Plaintiff's attorney directly.

    The court has determined that Plaintiff was indeed the prevailing party in this action, as the Commissioner's decision was reversed and matter remanded for further proceedings; that the application for fees was filed in a timely fashion; and that the position of the Commissioner was not substantially justified.  Plaintiff therefore is entitled to an award of reasonable attorney fees.

---

[1] This average hourly rate equals the statutory maximum of $125.00, adjusted on a monthly basis to account for inflation since March 1996.

With regard to the method of payment, the fee application was accompanied by an affidavit signed by Plaintiff in which she personally requested that payment be made directly to her attorney in order to discharge her obligation under an attached fee agreement with her attorney. The Commissioner's only objection to this request is that "[t]he EAJA directs that a court shall award '*to a prevailing party* other than the United States' attorney's fees and other expenses 'incurred by that party in a civil action.' 28 U.S.C. § 2412(d)(1)(A) (emphasis added)." (Filing 29, at 1.) It is argued that "the statute clearly and unambiguously confers the right to a fee award on the 'prevailing party,' not the prevailing party's attorney." (Id., at 1-2.)

While the Commissioner's construction of the statute is sound, his argument completely ignores the fact that Plaintiff has expressly authorized a direct payment to her attorney. This court has ordered this method of payment in other cases, and, in fact, the undersigned has done so at the Commissioner's request on at least two occasions. See Rose v. Barnhart, Case No. 4:05CV3150; Ralston v. Barnhart, Case No. 4:04CV3135. Because the Commissioner has not suggested, let alone shown, that he would be prejudiced by the granting of Plaintiff's request in this case, I will order that payment be made directly to Plaintiff's attorney.

I will also award Plaintiff her reasonable attorney fees for replying to the Commissioner's objection. Plaintiff requests an additional fee award of $519.16, which represents 2.4 hours of work by her attorney, at an hourly rate of $174.65 (adjusted according to March 2007 Consumer Price Index), and 4.0 hours of work by a paralegal, at an hourly rate of $25.00. This sum is much more than I will typically award for replying to the Commissioner's response to a fee application,[2] but in this particular case, considering both the nature of the Commissioner's objection and the quality of the reply brief, I find it to be reasonable.

---

[2] As a rule of thumb, I will award an additional fee based on 0.5 hours of attorney time for replying to the Commissioner's objections to a fee application. See Sherwood v. Barnhart, Case No. 4:03CV3033; Michaelson v. Barnhart, Case No. 4:04CV3299.

Accordingly,

IT IS ORDERED that:

1. Plaintiff's application for attorneys fees pursuant to the Equal Access to Justice Act (filing 27) is granted.

2. By separate document, the court shall enter judgment for Plaintiff and against Defendant, providing that Plaintiff is awarded attorney fees of $3,250.50.

3. Payment of the attorney fee award shall be made to Plaintiff's attorney, Stephen Speicher.

May 22, 2007.                    BY THE COURT:

                                 s/ *Richard G. Kopf*
                                 United States District Judge